IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-15-78-R |
| | ) | |
| | ) | |
| LUIS ENRIQUE RODRIGUEZ-ARROYO, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Petitioner's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 28). The Government has responded (Doc. No. 41) and Defendant, through counsel, filed a reply in support of his position (Doc. No. 50). For the reasons that follow, the Court DENIES Defendant's motion.

A grand jury indicted Defendant on April 21, 2015, charging him with violation of 8 U.S.C. § 1326(a), because he was found in the United States, have previously been removed on May 7, 2013. On June 8, 2015, Defendant entered a plea of guilty to the charge. On November 25, 2015, the Court sentenced Defendant to sixty-months imprisonment. Defendant did not seek a direct appeal, but rather filed the instant motion, which the Court earlier concluded should be considered timely filed. (Doc. No. 40). The § 2255 motion originally asserted three claims, each tied to counsel's alleged ineffectiveness. He argued that: (1) he requested his attorney to challenge the base level offense attributed to him by the probation officer but that she failed to do so, specifically as it related to his prior felony

1

convictions; (2) she failed to perfect an appeal of his sentence, despite his request that she do so; and (3) counsel assured Defendant he would receive the lowest possible sentence under the law, otherwise he would not have pled guilty. The Court ordered the United States to respond to the motion and upon receipt of its response, appointed Defendant counsel and set a date for an evidentiary hearing in light of Defendant's allegation that counsel ignored his request to file an appeal. (Doc. No. 42). Prior to the hearing date, through appointed counsel, Defendant filed a Motion to Strike Evidentiary Hearing. (Doc. No. 46). The Motion indicated that Defendant wished to withdraw his claim that trial counsel was constitutionally ineffective for failing to initiate an appeal and that he no longer wished to pursue his contention that trial counsel was constitutionally ineffective for falsely assuring him he would receive the least possible punishment if he entered a plea of guilty, because he would have accepted a plea regardless. As a result of Defendant's motion, the Court struck the evidentiary hearing and what remains is a single issue, whether Defendant received constitutionally ineffective assistance from counsel because she failed to object to the sixteen (16) level enhancement he received because certain of his prior convictions were considered crimes of violence under Section 2L1.2(b)(A)(ii) of the United States Sentencing Guidelines (U.S.S.G.).

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Any successful claim of ineffective assistance of counsel must satisfy the familiar two-pronged test laid out in *Strickland v. Washington*, 466 U.S. 668, 697 (1984). That is, Defendant must establish (1) that his lawyer's performance was deficient, i.e., it

2

fell below the level expected from a reasonably competent attorney in criminal cases, and (2) that he suffered prejudice, i.e., there is a reasonable probability that the result would have been different but for his lawyer's unprofessional errors. *United States v. Cruz*, 774 F.3d 1278, 1284-85 (10th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 696 (1984)). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

The presentence investigation report indicates a base level offense of 8; however, pursuant to U.S.S.G. § 2L1.2(b)(A)(ii), a sixteen point adjustment is appropriate if, "the defendant previously was deported, or unlawfully remained in the United States, after—. . . (ii) a crime of violence." The Commentary to Section 2L1.2 defined "crime of violence" as:

> any of the following offenses under federal, state, or local law: . . . burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Defendant's attorney did not object to the presentence report's determination that two of Defendant's prior convictions for burglary were properly considered crimes of violence under this section. Defendant contends this was error and that the error prejudiced him by substantially increasing the guideline range for his sentence. The Government contends

3

that it was not unreasonable for counsel to concede the issue given the state of the law in November 2015 when the Court imposed Defendant's sentence.

Relying in part on *Mathis v. United States*, 136 S.Ct. 2243 (2016), Defendant contends his burglary convictions would not be considered crimes of violence. In *Mathis*, the Supreme Court concluded that a conviction under Iowa's burglary statute did not support enhancement under the Armed Career Criminal Act's enumerated clause, because the statute encompassed more than generic burglary and the ACCA's enumerated offenses are assessed in reference to generic versions of the listed offense, not to the potential variations of the crime that may be committed under a particular state's legal scheme. *Id.* at 2248. In order for a prior conviction to qualify as a predicate offense under the ACCA, its elements must be the same as or more narrow than those of the generic offense. *Id.* The Government acknowledges the authority that Oklahoma's burglary statute is not as or more narrow than the generic offense of burglary. *See United States v. Taylor,* 672 Fed.Appx. 860, 863 (10th Cir. 2016) (unpublished)(it would be reversible error to apply the modified categorical approach to a conviction under the Oklahoma second degree burglary statute). The government contends, however, that because *Mathis* post-dates Defendant's sentencing, that counsel was not ineffective for failing to predict the outcome and to raise the issue. *See Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) ("[W]e have rejected ineffective assistance claims where a defendant faults his former counsel not for failing to find existing law, but for failing to predict future law and have warned that clairvoyance is not a required attribute of effective representation") (internal quotation and citation omitted).

Defendant replies by correctly noting that *Mathis* did not announce a new rule of law, but rather was premised on prior Supreme Court precedent. *See Mathis*, 136 S.Ct. at 2251. Accordingly, Defendant contends that counsel was not required to predict a change in the law, but rather to argue the existing Supreme Court precedent that fell in his favor. The Court disagrees with Defendant, given the actual state of the law in the Tenth Circuit despite this Supreme Court precedent cited in *Mathis*. The Northern District of Oklahoma recently explained:

> [A]lthough the Supreme Court indicated in *Mathis* that its holding in that case was based on 25 years of clear precedent, it did resolve a split between the Circuits, on an issue as to which the Tenth Circuit has previously sided with the Eighth Circuit position that was expressly rejected in *Mathis*. Prior to *Mathis*, the Tenth Circuit had affirmed sentencing courts' use of the modified categorical approach to determine whether convictions under Oklahoma's second degree burglary statute would qualify for ACCA enhancement purposes. For example, in *United States v. Green*, 55 F.3d 1513 (10th Cir 2005), the Tenth Circuit determined that the Oklahoma second degree burglary statute "defined burglary in terms broader" than the generic definition, such that a conviction under that statute cannot as a categorical matter provide a basis for enhancement under the ACCA." *Id.* at 1516. Yet the Circuit noted that it authorized use of the conviction for second degree burglary "for enhancement purposes' if the charging document coupled with another document sufficiently enables the sentencing court to determine whether the defendant's prior conviction constitutes a violent felony.'" *Id.* at 1516 (quoting *United States v. Hill*, 53 F.3d 1151, 1153 (10th Cir. 1995)(en banc). And, as the Supreme Court noted, the Tenth Circuit had previously disregarded the means versus elements distinction in approving of the modified categorical approach. *Mathis*, 136 S.Ct. at 2251, fn. 1.

*United States v. Bias*, 2017 WL 3326457, *6 (N.D.Okla. Aug. 3, 2017). The *Bias* court further noted that in Mr. Bias's case, the Tenth Circuit had permitted appellate counsel to withdraw after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating "[w]ith respect to the Act's enhancement, [counsel] points out Mr. Bias admitted

being convicted of the three prior burglaries and they qualify as "violent crimes," either as charged, and/or from the underlying documentation, pursuant to the district court's application of the categorical, or modified categorical approach. . . . " *Id.* at *7 (quoting *United States v. Bias*, 2014 WL 2922671, at *2–3 (10th Cir. June 30, 2014)); *see also United States v. Hamilton*, 235 F.Supp.3d 1229, 1239 (N.D.Okla. 2017)("Prior to *Mathis*, however, the Tenth Circuit routinely applied the modified categorical approach to [Oklahoma's second degree burglary] statute and permitted ACCA enhancement where the underlying charging documents demonstrated the conviction satisfied the generic definition."). As such, the Court finds that Defendant's contention that counsel's performance fell below the standard of reasonableness without merit under *Strickland*. Counsel cannot be considered constitutionally ineffective for failing to anticipate *Mathis*, which despite not adopting a new rule of law, fundamentally altered how courts in the Tenth Circuit assess prior convictions for purposes of enhancing sentences. Because Tenth Circuit precedent at the time of Defendant's sentencing provided that Oklahoma's second-degree burglary qualified as a crime of violence under the modified categorical approach, where, as here, the supporting documentation indicated burglary of a dwelling, counsel for Defendant did not perform below the reasonable standard for defense attorneys by failing to make an objection that could reasonably have been thought precluded by circuit precedent, particularly given the deferential standard for judging counsel's performance. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Counsel cannot be considered constitutionally ineffective for failing to make what would have at the time amounted to a

meritless objection, and accordingly, Defendant's ineffective assistance of counsel claim fails as a matter of law.[1]

For the reasons set forth herein, Defendant's Motion to Vacate or Correct is DENIED. Further, the Court hereby denies Defendant a Certificate of Appealability (COA) under Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts. When a court denies a habeas petition on the merits, a petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029 (2003). Because Defendant cannot make such a showing, he is not entitled to a COA.

For the reasons set forth above, the Court hereby DENIES Defendant's motion under 28 U.S.C. § 2255.

IT IS SO ORDERED this 19th day of December 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Defendant asserted in his original motion that counsel erred in failing to inform the Court that his sentences in the underlying state cases were deferred. Although Oklahoma law would not consider Defendant as having been convicted prior to his deporation, the Sentencing Guidelines provide that a deferred sentence is counted for enhancement purposes under 2L1.2. *See* U.S.S.G. § 4A1.2(f). S*ee also United States v. Dell*, 359 F.3d 1347 (10th Cir. 2004) ("[W]e are not bound by varied state definitions in determining what constitutes a conviction . . . .").